UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH PROUT,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:12-0164 |
| v. | : | (MUNLEY, D.J.) |
| | | (MANNION, M.J.) |
| **President Judge LINBAUGH, ET AL.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## **REPORT AND RECOMMENDATION**[1]

Presently before the court is the plaintiff's amended complaint, (Doc. No. 40). The plaintiff, currently an inmate at the Pennsylvania State Correctional Institution at Laurel Highlands ("SCI-Laurel Highlands"), brings his claim pursuant to 42 U.S.C. §1983 and claims violations of his Constitutional rights during his criminal proceedings before the York County Court of Common Pleas. Having given the complaint preliminary review pursuant to 28 U.S.C. §1915(e)(2)(B), the court recommends that the case be **DISMISSED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I. BACKGROUND

On January 27, 2012, the plaintiff filed an initial complaint, (Doc. No. 1), along with two other inmates. The plaintiffs subsequently filed additional documents, briefs and motions for summary judgment. Of those documents, only Plaintiff Prout's statement of facts, (Doc. No. 9), and "exhibit," (Doc. No. 7), remain directly relevant to the court's evaluation. On April 13, 2012, the court entered an order striking the motions for summary judgment and directing the plaintiffs to file an amended complaint comprising all claims they wished to raise. (Doc. No. 33). The plaintiff and one of the other original plaintiffs filed individual amended complaints, (Doc. No. 35; Doc. No. 38). The court found that there was no commonality between the claims and entered an order severing the plaintiffs' actions and directing each plaintiff to file an individual amended complaint. (Doc. No. 39). On May 16, 2012, the plaintiff filed the instant amended complaint. (Doc. No. 40).

The plaintiff's amended complaint offers few narrative facts to outline his claims. It does, however, allude to the criminal proceedings from which the plaintiff's claims arise. In case CP-67-CR-0002694-2011, before the York County Court of Common Pleas, the plaintiff pleaded nolo contendere and was sentenced on drug possession and forgery charges. (Doc. No. 7). The plaintiff claims violations of his Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment rights for failures related to his arrest and trial. (Doc. No. 9). The plaintiff claims, that: there was no probable cause underlying the

warrant for his arrest; he was denied a speedy trial when his arraignment was delayed; he was denied effective assistance of counsel; and, that improper amendments were made to the information filed in his proceeding. (Doc. No. 40). The plaintiff seeks immediate release and compensation for lost wages and his delayed detention. (Id.).

## II. DISCUSSION

As the plaintiff has applied for leave to proceed *in forma pauperis*, the court accordingly is giving his complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B)[2]. In giving the plaintiff's complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B), the court recommends that the complaint be dismissed.

The plaintiff is seeking relief for alleged violations of his constitutional rights at the state court level, and as such, his complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* prevents an indirect attack on the validity of a conviction via a civil rights complaint unless the conviction has, in effect, been overturned. In *Heck*, the Court held:

> We hold that, in order to recover damages for allegedly

---

[2]Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding in forma pauperis "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

> unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

*Id.* at 486-87 (footnote omitted).

Here, if the plaintiff were to succeed on his claims, his underlying conviction would necessarily be called into question. There is no indication from the plaintiff's complaint that his conviction has been invalidated. In fact, a review of the docket in the plaintiff's state court case reflects that his sentence was imposed, his case closed and no appeal was filed. Without any indication that the conviction has been invalidated the plaintiff has failed to state a cognizable §1983 claim.

**THE COURT THEREFORE RECOMMENDS, THAT:**

The plaintiff's amended complaint, (Doc. No. 40), be **DISMISSED**.

*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:** August 31, 2012
O:\shared\REPORTS\2012 Reports\12-0164-01.wpd