# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PROUT, <br> Plaintiff | No. 3:12cv164 |
| v. | (Judge Munley) |
| PRESIDENT JUDGE LINBAUGH, et al., <br> Defendants | (Chief Magistrate Judge Mannion) |

## MEMORANDUM

Before the court for disposition is Chief Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 47) proposing that the court dismiss Plaintiff Joseph Prout's amended complaint. Plaintiff Joseph Prout filed objections (Doc. 49) to the Report and Recommendation in addition to a motion for summary judgment. (Doc. 48). This case is ripe for disposition. For the following reasons, the Report and Recommendation will be adopted and this case will be dismissed.

## Background

Plaintiff Joseph Prout (hereinafter "Prout") is an inmate at SCI Laurel Highlands. (Doc. 45, Notice). On January 27, 2012, Prout along with Lamarr Sistrunk and Sheldon Snellings, two other inmates, initiated the instant civil rights litigation pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983"). (Doc. 1, Compl.). Prout and his fellow inmate-plaintiffs subsequently filed

exhibits, statements of facts, briefs and motions for summary judgment. (Docs. 7, 8, 9, 21, 22, 24, 26, 29, 30). On April 13, 2012, Magistrate Judge Mannion entered an order striking the motions for summary judgment and directing Prout, Sistrunk and Snellings to file an amended complaint comprising all claims they sought to raise. (Doc. 33, Order dated Apr. 13, 2012). Prout and Sistrunk filed separate amended complaints. (Docs. 35, 38). Upon reviewing these amended complaints, Magistrate Judge Mannion found no commonality among the three inmate-plaintiffs. (Doc. 39, Order dated May 10, 2012). Magistrate Judge Mannion severed the plaintiffs' action and directed Prout, Sistrunk and Snellings to each file an individual amended complaint. (Id.)

On May 16, 2012, the court received Prout's most recent amended complaint. (Doc. 40, Am. Compl.). Prout's amended complaint is sparse with respect to its provision of narrative facts. Prout names six defendants and alleges claims that appear to relate to his underlying criminal conviction in the York County Court of Common Pleas. (See id.; Doc. 49, Objections to the Report & Recommendation). In the underlying York County Court prosecution, plaintiff pled *nolo contendre* to the first-degree misdemeanor offense of forgery on May 9, 2012, and he was subsequently sentenced to

twenty-three months imprisonment. (Doc. 49, Exs. to the Objections to the Report & Recommendation at 10, 16-23). Prout directed his criminal defense counsel, Scott McCabe, to file a motion to withdraw his plea of *nolo contendre*.[1] (Id. at 27). Attorney McCabe filed the requested motion the next day and a hearing was scheduled, but Prout's post-sentence motion was denied. (Id. at 12, 26, 27). Attorney McCabe also tried, to no avail, to have Prout's sentence reduced so more time would go toward his state parole detainer. (Id. at 27).

In the instant action, Prout claims violations of his Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment rights for alleged conduct relating to his York County arrest and prosecution. (Id. at 4). Prout argues that various police officers, assistant district attorneys, public defenders and magistrate judges violated his constitutional rights. (Doc. 40, Am. Compl.). More specifically, Prout claims that: 1) his speedy trial rights were violated

---

[1] The court recognizes that Prout filed his most recent amended complaint in pursuit of the instant civil rights litigation at approximately the same time in which he wrote his attorney to request that he file a motion to withdraw the May 9, 2012 *nolo contendre* plea. (Compare Doc. 40, Am. Compl., with Doc. 49, Exs. to the Objections to the Report & Recommendation at 27). It appears to the court that the instant civil rights litigation has been a means by which Prout has attempted to collaterally attack and/or invalidate his state court prosecution.

3

because his arraignment was delayed; 2) there was no probable cause to support the issuance of an arrest warrant; 3) his attorney provided ineffective assistance of counsel; 4) the information filed against him was defective; and 5) the information filed against him was improperly amended. (Id.) Prout seeks immediate release from prison and damages of $300,000. (Id.)

Magistrate Judge Mannion issued a Report and Recommendation on August 31, 2012, recommending that the court dismiss Prout's amended complaint. (Doc. 47, Report and Recommendation at 5). Prout responded by filing another motion for summary judgment (Doc. 48) and timely objections to the Report and Recommendation (Doc. 49), bringing this case to its current posture.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district judge may also receive further evidence or

recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Upon preliminary review of the instant Section 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Magistrate Judge Mannion recommended that this case be dismissed on the basis that Prout's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Magistrate Judge Mannion found that Prout's York County Court of Common Pleas conviction was not appealed or otherwise invalidated. Thus, Magistrate Judge Mannion found that Prout failed to state a cognizable Section 1983 claim.

The Supreme Court in Heck found that a Section 1983 action that requires the plaintiff to prove the unlawfulness of his conviction is not the appropriate vehicle with which to challenge the validity of an outstanding criminal judgment. See 512 U.S. at 486. The Heck Court specifically held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

5

Id. at 486-87 (footnote omitted). It is well settled in our jurisprudence that the "favorable termination rule" announced in Heck serves as a bar to indirect attacks of the validity of a conviction via a Section 1983 civil rights complaint. See, e.g., Walke v. Cullen, No. 12-2153, 2012 WL 2512909, at *2 (3d Cir. July 2, 2012) (holding that a Section 1983 claim for damages arising from an allegedly invalid arrest cannot proceed when the plaintiff's underlying guilty plea to the offense he was arrested for has not been overturned); Kohler v. Pennsylvania, 438 F. App'x 120, 124 (3d Cir. 2011) (finding that the "favorable termination rule" still applies to Section 1983 actions brought by those no longer in state custody); Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002) (noting that the Supreme Court consistently distinguishes between cases that implicate the fact/duration of confinement and cases that challenge conditions of confinement).

In his objections to the Report and Recommendation, Prout continues to attack the validity of his underlying conviction. Prout generally discusses the definition of "crime," the common law *mens rea* requirement, his belief that no crime occurred in this case, his belief that he did not intelligibly enter a no contest plea, as well as his belief that various magistrate judges, lawyers and state officials allegedly violated his constitutional rights. With respect to the

specific holding of the Report and Recommendation, Prout argues that the abuses of process that tarnished his state court conviction prevented him from challenging the underlying conviction. Prout concludes his objections with the following: "Plaintiff respectfully prays that based on the totality of the evidence presented, or lack thereof, the Magistrate's recommendation for dismissal not be granted, and the Amended Complaint be permitted to proceed. For abuse of process." (Doc. 49, Objections to Report & Recommendation at 2).

The court is not persuaded by Prout's objections, which amount to little more than resubmitted attacks on his underlying conviction. Our jurisprudence is unequivocal in holding that Section 1983 is not the proper vehicle by which to invalidate a conviction. For this reason, Prout's objections will be overruled and Magistrate Judge Mannion's Report and Recommendation will be adopted.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PROUT,<br>**Plaintiff** | : | No. 3:12cv164 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Mannion) |
| PRESIDENT JUDGE<br>LINBAUGH, et al.,<br>**Defendants** | : | |

## ORDER

AND NOW, to wit, this 3rd day of October 2012, it is hereby **ORDERED** as follows:

1) Chief Magistrate Judge Mannion's Report and Recommendation (Doc. 47) is **ADOPTED**;

2) Plaintiff Joseph Prout's amended complaint (Doc. 40) is **DISMISSED**;

3) Plaintiff Joseph Prout's motion for summary judgment (Doc. 48) is **DENIED AS MOOT**;

4) The Clerk of Court is directed to **CLOSE** this case; and

5) The court declines to issue a certificate of appealability. A certificate of appealability is not issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

BY THE COURT:

/s/ 
JUDGE JAMES M. MUNLEY
United States District Court